SHAW, P. .J.
I dissent. I concur in all the foregoing opinion except its holding that the cow in question was a part of- plaintiff’s “own herd.” I think some further limitation should -be put upon the meaning of the phrase ‘ ‘ a part of his own herd,” as used in section 307 of the Agricultural Code. If it requires merely the presence of the animal on the producer’s premises and under his observation for a reasonable time to become familiar with it, the finding that such a time had elapsed in this ease when the cow was slaughtered is probably supported by the evidence. But on reading section 307 with its evident purpose to protect the public in mind, and looking for some more definite statement in explanation of the term “his own herd,” I find that only a “live stock producer” is entitled to the exemption from inspection provided by subdivision- (a). It is reasonable to suppose that such producer is related to “his own herd” as a producer, *Supp. 843 and not otherwise. Carrying out this idea is the provision later in subdivision (a) that “when cattle, sheep, swine or goats are sold by said producer in the vicinity where produced and slaughtered there shall be attached to said meat or meat products a statement” certifying that they are wholesome. Since this statement is the only assurance the purchaser has of the quality of the meat sold under subdivision (a) of section 307, and there is no limitation upon the quantity or proportion of any individual animal slaughtered by the producer “for his own consumption” that he may sell, this provision for a statement must be intended as a limitation on the right to sell and it is to be construed as a part of the proviso appearing in this subdivision. That proviso permits the producer to dispose of his excess meat only “in his locality”; and in view of the whole framework of the section I conclude that the phrase “in the vicinity where produced and slaughtered” is intended to be a restatement of the same idea in other words, so that the right of sale may be exercised only in the vicinity where the animals are produced, which must also be the locality of the producer. Subdivision (a) of section 307 is not well drawn, and legislative attention might well be turned to its improvement; but taking it as it is, and attempting to make a consistent and reasonable construction of its various provisions I cannot believe that it was intended to sanction what plaintiff appears to have done. It appears to me that, on a proper construction of the statute, a livestock producer may sell, under subdivision (a) of section 307, only cattle which he has produced, and that the cow in question here was not produced by plaintiff.